IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Pedro A. Quant,<br><br>   Petitioner,<br>   v.<br><br>Fernando Gonzalez,<br><br>   Respondent. | NO. C 10-01262 JW<br><br>**ORDER TO SHOW CAUSE RE:**<br>**PETITION FOR HABEAS CORPUS** |

## I. INTRODUCTION

Petitioner, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Santa Clara Superior Court for robbery with a firearm. (hereafter, "Petition," Docket Item No. 1.) For good cause shown, the Court orders Respondent to show cause why the Petition should not be granted.

## II. BACKGROUND

According to the Petition, on or about April 30, 2000, Petitioner, Co-defendant Hector Gutierrez ("Gutierrez"), and a third unnamed individual participated in a home invasion robbery. Initially, Gutierrez asked Petitioner to accompany him to a San Jose residence to effect a drug transaction. Petitioner waited outside while the other two individuals went inside. At some point, Petitioner entered the residence and discovered that a robbery was taking place. Later, Gutierrez ordered Petitioner to exit the residence and to drive one of the victims to his place of business. Petitioner participated in the robbery due to his fear of Gutierrez, a known convicted felon who was armed at the time.

After pleading guilty to armed robbery of an inhabited place, Petitioner was sentenced to 19 years in state prison. Petitioner filed a Motion to Vacate Judgment and to Withdraw His Guilty Plea, with an alternative prayer for a Writ of Error Coram Nobis. On or about March 19, 2009, the state superior court denied the Petition on the ground that in People v. Kim,[1] the California Supreme Court held that petitions seeking relief by way of writ of error coram nobis were no longer allowed in California and could only be asserted in federal court. Petitioner did not file a direct appeal of the superior court's denial of his Petition for Writ of Error Coram Nobis because he contends to do so would have been futile and frivolous under the California Supreme Court's holding in Kim.

On March 25, 2010, Petitioner timely filed this Petition pursuant to 28 U.S.C. § 2254(d). On March 4, 2010, the Court ordered Petitioner to show cause why his Petition should not be dismissed for failing to allege that he has exhausted the remedies available in state court and to set forth facts to support his claim of ineffective assistance of counsel. (Order to Show Cause re: Dismissal, Docket Item No. 2.) On May 24, 2010, Petitioner timely filed a Response to the Court's Order to Show Cause. (hereafter, "Response," Docket Item No. 3.)

### III. DISCUSSION

**A.  Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appear from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claim**

Petitioner alleges that his trial counsel provided ineffective assistance of counsel by failing to review and consider a duress defense in Petitioner's case, and by misadvising Petitioner that there

---

[1] 45 Cal. 4th 1078 (Cal. 2009).

2

were no viable defenses available to him at trial. Liberally construed, Petitioner's claim appears cognizable under § 2254 and merits an answer from Respondent.

Accordingly, the Court orders Respondent to show cause why Petitioner's Petition for a Writ of Habeas Corpus should not be granted. In their answer, the Court invites Respondent to address the issue of the procedural sufficiency of the Petition, given that Petitioner sought a writ of error corum nobis rather than a writ of habeas corpus in state court, and he did not file a direct appeal of his conviction.

## IV. CONCLUSION

The Court ORDERS as follows:

1. The Clerk shall serve by mail a copy of this Order and the Petition and all attachments upon Respondent and Respondent's attorneys, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within

3

1  **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court
2  and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.
3  5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all
4  communications with the Court must be served on Respondent by mailing a true copy
5  of the document to Respondent's counsel. Petitioner must keep the Court and all
6  parties informed of any change of address by filing a separate paper captioned
7  "Notice of Change of Address." Petitioner must comply with the Court's Orders in a
8  timely fashion. Failure to do so may result in the dismissal of this action for failure
9  to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: August 9, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Arturo Hernandez-Melendez artlawoff@aol.com

**Dated: August 9, 2010**                  **Richard W. Wieking, Clerk**

                                                **By:    /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California